UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ARCH INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>FLARE ENERGY SERVICES, LLC,<br><br>Defendant. | Civil Action No.  4:26-cv-3959<br><br>**COMPLAINT**<br><br><u>**JURY TRIAL DEMANDED**</u> |

Plaintiff Arch Insurance Company, by way of this Complaint against Defendant Flare Energy Services, LLC, states as follows:

## PARTIES

1.      Plaintiff Arch Insurance Company ("Arch") is an insurance company organized under the laws of the State of Missouri with a principal place of business at Harborside 3, 210 Hudson Street, Suite 600, Jersey City, New Jersey 07311.

2.      Defendant Flare Energy Services, LLC ("Flare") is a Texas limited liability company. The citizenship of a limited liability company is determined by the citizenship of all its members. *See Harvey v. Grey Wolf Drilling Co*., 542 F.3d 1077, 1080 (5th Cir. 2008). Flare's sole member is Tommy D. Yocham, a private individual who is domiciled in Texas.

## JURISDICTION AND VENUE

3.      The amount in controversy between the parties exceeds $75,000.00.

4.      Jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332.

## COUNT ONE
(Breach of Contract)

5.    Arch repeats, restates and realleges the allegations of Paragraphs 1 through 4 as if fully set forth herein.

6.    Arch issued Commercial Auto Policy No. 81CAB50141-00 to Flare for the effective dates of October 1, 2020 to October 1, 2021 (the "2020 Auto Policy").

7.    Arch issued Commercial General Liability Policy No. 81GPP50142-00 to Flare for the effective dates of October 1, 2020 to October 1, 2021 (the "2020 CGL Policy").

8.    Arch issued Workers Compensation Policy No. 81WCI50144-00 to Flare for the effective dates of October 1, 2020 to October 1, 2021 (the "2020 WC Policy").

9.    Arch issued Commercial Auto Policy No. 81CAB50141-01 to Flare for the effective dates of October 1, 2021 to October 1, 2022 (the "2021 Auto Policy").

10.    Arch issued Commercial General Liability Policy No. 81GPP50142-01 to Flare for the effective dates of October 1, 2021 to October 1, 2022 (the "2021 CGL Policy").

11.    Arch issued Workers Compensation Policy No. 81WCI50144-01 to Flare for the effective dates of October 1, 2021 to October 1, 2022 (the "2021 WC Policy").

12.    The 2020 Auto Policy, 2020 CGL Policy, 2020 WC Policy, 2021 Auto Policy, 2021 CGL Policy and 2021 WC Policy (collectively the "Policies") are insurance contracts providing insurance coverage for certain liabilities of Flare, as set forth in the Policies, in exchange for premiums.

13.    Arch fulfilled its contractual obligations and provided coverage under the Policies.

14.    Pursuant to the terms of the Policies, the initial premiums were based on information submitted by Flare and/or its insurance agent/broker on Flare's behalf regarding Flare's estimated exposure for the effective dates of coverage.

15. Because initial premiums are based on estimated information, the Policies are subject to audit based on the actual exposure during the effective dates of coverage. The audit can result in additional premiums due to the insurer from the insured, or return of premiums due to the insured from the insurer.

16. The audit of the 2020 Auto Policy resulted in an additional premium of at least $2,060.00 owed by Flare to Arch (the "2020 Auto Additional Premium").

17. The audit of the 2020 CGL Policy resulted in an additional premium of at least $48,129.00 owed by Flare to Arch (the "2020 CGL Additional Premium").

18. The audit of the 2020 WC Policy resulted in an additional premium of at least $49,370.00 owed by Flare to Arch (the "2020 WC Additional Premium").

19. The audit of the 2021 Auto Policy resulted in a return premium of $1,228.00 owed by Arch to Flare (the "2021 Auto Return Premium").

20. The audit of the 2021 CGL Policy resulted in an additional premium of at least $78,208.00 owed by Flare to Arch (the "2021 CGL Additional Premium").

21. The audit of the 2021 WC Policy resulted in an additional premium of at least $129,337.00 owed by Flare to Arch (the "2021 WC Additional Premium").

22. Flare failed and refused to remit payment of the $305,876.00 (the "Additional Premium") owed to Arch pursuant to the terms of the Policies.

23. Arch billed and/or issued demands for payment of the Additional Premium to Flare in a timely fashion.

24. Prior to filing the instant litigation, Arch demanded payment of the Additional Premium owed by Flare and attempted to collect the same without success.

25.     Through its failure and refusal to remit payment of the Additional Premium, Flare breached its contract with Arch, *i.e.* the Policies.

26.     Flare has failed, refused and continues to refuse to pay the balance due and owing to Arch thereby causing Arch to suffer damages in the amount no less than $305,876.00 plus interest, attorney's fees and litigation costs.

## COUNT TWO
(Unjust Enrichment)

27.     Arch repeats, restates and realleges the allegations of Paragraphs 1 through 26 as if fully set forth herein.

28.     Arch has provided insurance coverage and related services to Flare for which Flare has refused to pay and has been unjustly enriched thereby.

29.     Arch repeatedly has demanded that Flare remit payment of the amount due and owing to Arch.

30.     Flare has failed, refused and continues to refuse to pay the balance due and owing to Arch thereby unjustly enriching Flare and causing Arch to suffer damages in an amount no less than $305,876.00, plus interest, attorney's fees and costs.

## COUNT THREE
(Account Stated)

31.     Arch repeats, restates and realleges the allegation of Paragraphs 1 through 30 as if fully set forth herein.

32.     Flare being indebted to Arch upon an account stated between them, promised to pay Arch the amount owed on demand.

33.     Arch repeatedly has demanded that Flare remit payment for the amount owed to Arch. Flare, however, has failed and refused to remit payment.

34.     Flare's failure to pay the balance due and owing to Arch has caused Arch to suffer damages in an amount no less than $305,876.00, plus interest, attorney's fees and costs.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Arch demands trial by jury in this action of all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Arch demands judgment against Flare in an amount no less than $305,876.00, together with, interest, attorney's fees, costs of suit, and such further relief as this Court deems just and proper.

Respectfully submitted this 18th day of May 2026.

WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP

*/s/ Ashley F. Gilmore*
Ashley F. Gilmore
Attorney-in-Charge
State Bar No.: 50511704
Southern District Bar No.: 1111052
ashley.gilmore@wilsonelser.com
Santander Tower
1601 Elm Street, Suite 2600
Dallas, Texas 75201
Telephone:   214-698-8000
Facsimile:   214-698-1101

**ATTORNEY FOR PLAINTIFF**